

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 55 |
| vs. ) | Judge Ronald A. Guzman |
| ) | |
| TERRY WIMBERLY ) | |

FILED
AUG 29 2008
RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

## PLEA AGREEMENT

1. This Plea abolitionist Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant TERRY WIMBERLY, and his attorneys, THOMAS MCQUEEN and WILLIAM MCGARR, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with conspiracy to possess with intent to distribute a controlled substance, namely 5 kilograms or more of mixtures and substances containing cocaine, in violation of Title 21, United States Code, Section 846 (Count 1), and attempted possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846 (Count 2).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the indictment. Count One charges defendant with conspiring with others to knowingly and intentionally possess with intent to distribute in excess of 5 kilograms of mixtures and substances containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count 1 of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

Beginning in or about December 2007, and continuing until on or about January 22, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant conspired and agreed with co-defendants Norman Wimberly and Dontavis Williams, and with others to knowingly and intentionally possess with intent to distribute in

excess of 5 kilograms of mixtures and substances containing cocaine, a schedule II Narcotic Controlled Substance.

Specifically, defendant was aware of co-defendants Williams and Norman Wimberly's negotiation of the purchase of multi-kilogram quantities of cocaine with Drug Enforcement Administration ("DEA") confidential sources, CS1 and CS2, and agreed to travel from Georgia to Chicago on or about January 22, 2008, to participate in and complete the purchase of 10 kilograms of cocaine.

On or about January 22, 2008, CS1 and CS2 drove to a Courtyard-Marriott hotel near Midway Airport in Chicago. CS1 and CS2 met in CS1's car with defendant and co-defendant Williams in the parking lot of the Courtyard-Marriott hotel. While defendant and co-defendant Williams spoke to CS1 and CS2, co-defendant Norman Wimberly and Individual A walked out of a nearby Holiday Inn and carried several bags to a silver 2008 Chevy Tahoe with Georgia license plates.

CS1, CS2, defendant and co-defendant Williams then drove in CS1's car to a Burger King parking lot nearby. After placing the luggage into the Chevy Tahoe, co-defendant Norman Wimberly and Individual A drove to the same Burger King parking lot, and parked next to CS1's car.

At the Burger King, defendant, co-defendants Williams and Norman Wimberly and CS1, CS2 further negotiated the purchase of at least ten kilograms of cocaine by defendant. Following these negotiations, defendant got out of CS1's car, went to the Tahoe, removed a

red bag from the back of the Tahoe, and carried the red bag back into CS1's car. Inside CS1's car, CS1 and CS2 again spoke with defendant and co-defendant Williams, and while all four were in the car, defendant opened the bag and displayed a large sum of U.S. currency to CS1 and CS2. Defendant stated that there was $180,000 inside the bag. After a short conversation during which CS1 and CS2 stated that there should have been $190,000 in the bag, as the agreed price was $19,000 per kilogram, CS1 and CS2 indicated that they were willing to go forward with a transaction for $180,000. After displaying the money to CS1 and CS2, defendant returned the red bag to the Chevy Tahoe. CS1 then told co-defendant Williams and defendant that they needed to drive to another location, shortly thereafter defendant was arrested.

Defendant acknowledges that the quantity of cocaine he conspired to obtain was 10 kilograms.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. This offense also carries a maximum fine of $4,000,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

  b.  In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

  8.  Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

  9.  For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

  a.  **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

  b.  **Offense Level Calculations.**

    i.  Pursuant to Guideline §2D1.1(c)(4), the base offense level for the charge in Count One of the indictment is 32 because the amount of cocaine involved in the offense of conviction (10 kilograms) is at least 5 kilograms, but not more than 15 kilograms.

    ii.  Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    iii.  In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

   c.  **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 5 and defendant's criminal history category is III:

    i.  On or about February 2, 1998, defendant was convicted of possession with intent to distribute a controlled substance (cocaine) in the District Court for the Northern

6

District of Georgia and sentenced to 96 months' imprisonment. Pursuant to Guideline §4A1.1(a), defendant receives 3 criminal history points for this conviction.

    ii. Defendant committed the instant offense while under a criminal justice sentence, namely, supervised release on the conviction referenced in paragraph 9(c)(i) above. Pursuant to Guideline §4A1.1(d), defendant receives 2 criminal history points.

    iii. On or about March 6, 1996, defendant was convicted of possession of a controlled substance in the Circuit Court of Muscogee County Georgia and sentenced to 6 months' imprisonment and 5 years' probation. Pursuant to Guideline §4A1.2(e)(2), defendant receives 0 criminal history points for this conviction.

    iv. On or about May 17, 1988, defendant was convicted of robbery in the Circuit Court of Muscogee County Georgia and sentenced to 7 years' imprisonment and 4 years' probation. Pursuant to Guideline §4A1.2(e)(1), defendant receives 0 criminal history points for this conviction.

    d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 29, which, when combined with the anticipated criminal history category of III, results in an anticipated advisory Sentencing Guidelines range of 108 to 135 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 10 years' imprisonment.

e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10. The government agrees to recommend that sentence be imposed within the applicable guidelines range, provided that in no case shall the government recommend a a sentence below the mandatory minimum of 120 months' imprisonment.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. At the time of sentencing, the government will move to dismiss the notice of prior conviction relating to defendant filed pursuant to Title 21, United States Code, Section 851.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to this defendant.

## Forfeiture

15. The indictment charges that defendant is liable to the United States for approximately $180,000, which funds are subject to forfeiture because those funds were used or intended to be used in any manner or part to commit or facilitate the commission of the defendant's violations of Title 21, United States Code, Section 846, as charged in Count One of the indictment. By entry of a guilty plea to Count One of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

16. Defendant agrees to the entry of a forfeiture judgment in the amount of $180,000, and against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described funds and further agrees to the seizure of these funds so that these funds may be disposed of according to law.

17. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

## Presentence Investigation Report/Post-Sentence Supervision

18. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of

defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

19. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

20. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## **Acknowledgments and Waivers Regarding Plea of Guilty**

### **Nature of Plea Agreement**

21. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 55.

22. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### **Waiver of Rights**

23. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be

conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would

be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

   b. **Waiver of appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation, nor does it apply to a

request by defendant pursuant to Sentencing Guideline §1B1.10 and 18 U.S.C. § 3582(c) for a reduction of sentence as a result of an amendment to the Sentencing Guidelines applicable to defendant and expressly made retroactive by the United States Sentencing Commission.

c.  Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above.  Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

24.  Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

25.  Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

26.  Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require

defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

27. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

28. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

29. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: August 29, 2008

_____  
PATRICK J. FITZGERALD  
United States Attorney

_____  
TERRY WIMBERLY  
Defendant

_____  
MICHAEL FERRARA  
Assistant U.S. Attorney

_____  
THOMAS MCQUEEN  
Attorney for Defendant

_____  
WILLIAMS MCGARR  
Attorney for Defendant